UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
2009 FEB -3 P 4: 28
U.S. DISTRICT COURT
EAST. DIST. MICHIGAN
DETROIT

RALEEM-X, *et al.*,

           Plaintiffs,

v.

PATRICIA CARUSO, DENNIS M. STRAUB,
SEAN LOCKHART, DAVID BERGH,
KEENA JONES, PEGGY ANN CARBERRY,
D. OLGER, L. GERBERDING, S. ANDREWS,
DENISE GERTH, K. GOLLINGER,
JOHN CONTRERAS, DENVER McBURNEY,
G. HOFBAUER, K. McCATHY, and J. RUBICK,

           Defendants.
_____/

CASE NO. 09-CV-10351
DISTRICT JUDGE ROBERT H. CLELAND
MAGISTRATE JUDGE SCHEER

## ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF MICHIGAN

    This is a *pro se* civil rights complaint under 42 U.S.C. § 1983 and other statutes. The sixty plaintiffs are state prisoners. Defendants are employed by the Michigan Department of Corrections in Lansing, Munising, and Marquette, Michigan. The complaint alleges that the defendants' practice of rejecting certain adult publications mailed to Plaintiffs violates the plaintiffs' rights under the Sixth and Fourteenth Amendment to the United States Constitution.

    A threshold question is whether venue is proper in this District. The proper venue in civil actions in which jurisdiction is not founded on diversity of citizenship is the judicial district where (1) any defendant resides if all defendants reside in the same state, (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated, or (3) any defendant may be found if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Public officials "reside" in the

county where they serve. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

The facts, as alleged in the complaint, occurred at Alger Maximum Correctional Facility in Munising, Michigan where the lead plaintiff, Raleem-X, is confined. All but seven of the fifty-nine other plaintiffs also are confined in prisons in the Western District of Michigan, and all the defendants "reside" there. Thus, this case could have been brought in the Western District of Michigan. For the convenience of parties and witnesses and in the interest of justice, the Clerk of Court is ordered to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §§ 1391(b), 1404(a), and 1406(a).

R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: 2/3/09